IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEE ALEXANDER BROOKS, #37279                                        PLAINTIFF

V.                                         CIVIL ACTION NO. 3:08cv757-DPJ-FKB

JAMES NEWMAN, TONY ROUSE,
JOSEPH COTHERN, and WALTER BEASLEY                      DEFENDANTS

ORDER

This matter is before the Court on the following motions: (1) Jeff Merritt's Motion to Quash Trial Subpoena [70]; (2) Plaintiff's Motion to Continue [73]; (3) Plaintiff's Motion for Sanctions [74]; (4) Plaintiff's Motion for Order Requiring Psychiatric Evaluation [75]; and (5) Plaintiff's Motion for Appointment of Master or Expert [89]. Have fully considered the premises, the Court finds as follows:

Jeff Merritt's motion to quash the trial subpoena [70] appears meritorious and is otherwise granted as unopposed pursuant to Rule 7(b)(3)(E) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi.

Many of Plaintiff's motions are somewhat related. In essence, he seeks a psychiatric examination under Rule 35[1] of the Federal Rules of Civil Procedure to bolster his claimed damages; a continuance to seek the examination and to pursue alleged discovery abuses; an inspection of the premises; and sanctions. Starting with Rule 35, the suit was filed in December 2008 and is set for trial on April 5, 2010. Ample time was granted to prepare this case, and the motion (made approximately three weeks before trial and well after the close of discovery) is dilatory and therefore is denied.

---

[1] Plaintiff incorrectly cites Rule 37.

Plaintiff's motion [89] seeks appointment of a master or expert to inspect the subject facility and to testify (presumably on his behalf). Aside from the fact that the request for a master appears to exceed the scope of Rule 53, the motion was filed less than one week before trial and well beyond the discovery and expert deadlines. The motion is denied.

Plaintiff's motions for sanctions [74] and for continuance [73] are denied for the following reasons. On December 22, 2009, the magistrate judge entered an order [62] denying two motions to compel [39, 50] that seemed to address Plaintiff's desire for production of records related to his arrest and incarceration. On January 5, 2010, Plaintiff filed a motion for reconsideration [63] that is difficult to follow but seems to exceed the scope of his earlier motions. The motion to reconsider asserted that Plaintiff was entitled to discovery regarding the "jail conditions activites [sic] and occurances [sic]." On February 12, 2010, the magistrate judge granted Plaintiff's motion in part by ordering Defendants to produce "[a]ll documents relating to inspections of any kind of the Franklin County Jail in the years 2007 and 2008; and all documents relating to maintenance or repairs of the Franklin County Jail in the years 2007 and 2008." The magistrate judge denied the remainder of the motion for reconsideration.

This procedural history suggests that Plaintiff either failed to raise the precise discovery issues reflected in the instant motions until the eve of trial or that he raised them in his motion for reconsideration but failed to appeal when the magistrate judge denied that portion of his motion. In any event, the magistrate judge's order dictated the limited scope of remaining discovery, was not appealed, and does not constitute an abuse of discretion. In either case, the discovery-related motions come too late in the game and otherwise fail to demonstrate grounds

for continuance.[2]

Although continuance and sanctions are not merited, the magistrate judge did order Defendants to produce certain documents. Defendants claim they have; Plaintiff claims they have not. It is not apparent that the listed documents were withheld, but to the extent they have been, they should be produced. If documents were withheld based on privilege, then a privilege log should be submitted. The Court will make further inquiry into the matter at the pretrial conference, which will be conducted the day of trial. Any failure to produce may result in sanctions.

**SO ORDERED AND ADJUDGED** this the 31st day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff does list certain information that was excluded from discovery responses, but Defendant's objections have not been challenged, and Plaintiff has not been prejudiced because he already possessed the referenced information, having obtained it in other litigation.